Thomson, J.
The appellee brought replevin against the appellant before a justice of the peace to recover a number of articles of personal property. The affidavit fixed their value at $100. The defendant moved to dismiss the action on the ground that his residence and the location of the goods were outside of the justice’s precinct, although within his county. The motion was overruled. The defendant further moved to quash the affidavit, because it was not made by the plaintiff, and because it did not show the separate value of each article of property, but only the gross value of the whole. This motion was also overruled. The justice rendered judgment against the defendant, and he appealed to the county court, where both motions were again presented, and again denied.
In replevin the jurisdiction of a justice of the peace is coextensive with his county, and any other ruling upon the motion to dismiss than that which was made, would have been wrong. General Statutes, sec. 2026. An affidavit by the plaintiff, personally, was not necessary. His agent or attorney was, equally with himself, qualified to make it. General Statutes, sec. 2023. The abstract does not contain .the affidavit, and if it was made by some person other than the plaintiff, that person will be presumed to have possessed the proper qualification. In order that a justice of the peace may have jurisdiction to issue a writ of replevin, the value of the property claimed must not exceed 1300, and the affidavit must show its real value. General Statutes, secs. 2022,2023. The statement of value is required for purposes of jurisdiction. It must appear upon the face of the affidavit that the justice has jurisdiction of the action, and, therefore, the value must be stated. But a statement of aggregate value satisfies the terms of the statute and there is no reason outside of those terms why the affidavit should contain anything more.
The plaintiff’s claim of title was based on a chattel mort *169 gage, executed to him by the defendant. The latter offered to prove that a portion of the mortgaged property had been seized by other parties under some claim of lien; that the plaintiff brought suit against them for its recovery; and that he promised to relinquish his claim upon the remainder, in consideration of an agreement by the defendant to pay part of the expense of that litigation. It was not claimed that the defendant ever performed his agreement in whole or in part, or that either party, afterwards, attached any consequence to it. The court refused the proof on the ground that the supposed promise was not supported by any sufficient consideration. Certainly, if the defendant performed no part of his agreement, he was not in a situation to avail himself of the plaintiff’s promise, and the evidence was not admissible.
On the question whether, prior to commencing his action, the plaintiff demanded the property from the defendant, both parties testified that he did ; according to the plaintiff, there was a direct refusal; and according to the defendant, there was what was equivalent to a refusal. In the condition of the evidence when both parties rested, there was no question for the jury to pass upon, except the value of the property, and the court so instructed them. Fault is found with the instruction, but it was manifestly right.
The judgment will be affirmed.

Affirmed.